IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW PERRONG on behalf of himself and others similarly situated, | : : : | |
| Plaintiff, | : : | Case No. |
| v. | : : : : | |
| TEXPO POWER, LP d/b/a YEP ENERGY | : : : | |
| Defendant. | : : | |

_____/

**CLASS ACTION COMPLAINT**

**Preliminary Statement**

1. Plaintiff Andrew Perrong ("Mr. Perrong" or "Plaintiff") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

2. In violation of the TCPA, Texpo Power, LP d/b/a YEP Energy initiated a pre-recorded telemarketing call to a residential telephone number of Mr. Perrong.

3. The Plaintiff never consented to receive the call, which was placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of the Defendant.

4. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5. Plaintiff Andrew Perrong is a resident of this District.

6. Defendant Texpo Power, LP d/b/a YEP Energy is a Texas limited partnership with its principal place of business in Houston, TX. YEP Energy engages in telemarketing into this District and attempts to secure energy customers in this District, as it did with the Plaintiff.

## Jurisdiction & Venue

7. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this district. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District as the telemarketing call was placed to the Plaintiff's phone in this District.

## The Telephone Consumer Protection Act

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The TCPA Restricts Pre-Recorded Telemarketing</u>

10. Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robocalls"), finding:

> [R]esidential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
>
> . . . .
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call[,] . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* § 2(10) and (12); *see also Mims*, 132 S. Ct. at 745.

11.  The TCPA contains a private right of action for the sending of these calls, and provides that a recipient can sue the violator and seek statutory damages as well as injunctive relief. 47 U.S.C. § 227(b)(3).

12.  In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

**Factual Allegations**

13.  YEP Energy is a retail electric provider offering these services in the states of California, Texas, New Jersey and Pennsylvania.

14.  To generate new customers, YEP Energy relies on telemarketing.

15. One of YEP Energy's strategies for telemarketing involves the use of an automatic telephone dialing system ("ATDS") to solicit business.

16. Coupled with this technology, YEP Energy also employs the use of pre-recorded messages, which require the consumer to affirmatively respond to an automated message before they can speak with a live person.

17. YEP Energy engages in use of this equipment and the pre-recorded messages because it allows for thousands of automated calls to be placed at one time, but its sales representatives, who are paid based on sales they complete, only talk to individuals who affirmatively respond.

18. Through this method, YEP Energy shifts the burden of wasted time to the consumers it calls with unsolicited messages.

<u>Call to Mr. Perrong</u>

19. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

20. The Plaintiff's telephone number, (215) 947-XXXX, is a residential telephone number.

21. On July 13, 2018 the Plaintiff received a pre-recorded message from YEP Energy. When the call was answered, there was a lengthy pause and a click followed by silence before the recorded message was played.

22. The recording stated:

> Thank you for being a valued customer of PECO Energy, formerly Philadelphia Electric Company. The following is an important update regarding your account. Starting this month all current customers that have not missed a payment in the past six months may now be eligible for a discount up to fifteen percent on their monthly bill. If you would like to check your eligibility for this discount simply press one on your phone now.

23. However, upon information and belief, YEP Energy does not have PECO Energy's permission to send pre-recorded messages to their customers.

24. Instead, the misleading recorded message was intended to make recipients think the call was coming from, or in affiliation with, PECO.

25. The pre-recorded message did not identify the party that was calling, so to investigate the call, the Plaintiff "pressed one".

26. The purpose of the call was to sell the Plaintiff YEP Energy's goods and services.

27. However, the YEP Energy representative continued to insinuate that the calling was done with PECO by stating, "we are the state licensed supplier for PECO that we are just rating electricity for PECO and then PECO deliver you the electric."

28. Furthermore, the representative insinuated that the verification and sign up system were run by the State (Commonwealth) of Pennsylvania.

29. The representative further identified himself as "YEP for PECO".

30. The call came from a Caller ID of 215-634-9426.

31. 215-634-9426 is a nonworking number.

32. As such, the Caller ID number was "spoofed".

33. Telemarketing companies "spoof" Caller ID numbers to use a local telephone number hoping that will increase the rate at which the telemarketing call is answered.

34. Telemarketing companies also "spoof" Caller ID numbers because it makes it more difficult to identify who the calling party is.

35. The Defendant did not have the Plaintiff's prior express written consent to make the call at issue.

36. In fact, prior to the filing of the lawsuit, the Plaintiff wrote to the Defendant advising it that he intended on proceeding with a formal claim and asking them to provide any evidence of consent.

37. The Defendant did not respond.

38. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded.

39. Moreover, these calls injured the Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of the Plaintiff and the class.

## Class Action Statement Pursuant to LCvR 23

40. As authorized by Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure and Rule 23.1 of the Local Rules for the Eastern District of Pennsylvania, Plaintiff brings this action on behalf of all other persons or entities similarly situated throughout the United States.

41. The Class of persons Plaintiff proposes to represent are tentatively defined as:

> All persons within the United States to whom: (a) Defendant and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to their residential telephone number; (c) using an artificial or prerecorded voice; (d) attempting to sell Defendant's goods or services; and (e) at any time in the period that begins four years before the date of filing this Complaint to trial.

42. Excluded from the Class are the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned and any member of such judge's staff and immediate family.

43. The class as defined above is identifiable through phone records and phone number databases.

6

44. The potential class members number at least in the thousands, since automated and pre-recorded telemarketing campaigns make calls to hundreds or thousands of individuals a day. Individual joinder of these persons is impracticable.

45. Plaintiff is a member of the proposed class.

46. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    a. Whether Defendant placed calls using a pre-recorded message;

    b. Whether Defendant placed calls without obtaining the recipients' prior consent for the call;

    c. Whether the Plaintiff and the class members are entitled to statutory damages because of Defendant's actions.

47. Plaintiff's claims are typical of the claims of class members. Plaintiff's claims, like the claims of the Class arise out of the same common course of conduct by YEP Energy and are based on the same legal and remedial theories.

48. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

49. Common questions of law and fact predominate over questions affecting only individual class members. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

50. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated. Class

treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

51. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

52. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA's Automated Calling provisions

53. The foregoing acts and omissions of YEP Energy constitute a violation of the TCPA by calling the residential telephone numbers of Plaintiff and members of the Class using an artificial or prerecorded voice to sell their services.

54. As a result of YEP Energy's actions, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential telephone number using a pre-recorded voice.

55. If the Defendant's violations are found to be knowing, the Plaintiff and the class are allowed a trebling of each award to $1,500 in damages.

56. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting YEP Energy from making sales calls using an artificial or prerecorded voice in the future.

## Relief Sought

For himself and all class members, Plaintiff requests the following relief:

A.	Certification of the proposed Class;

B.	Appointment of Plaintiff as representative of the Class;

C.	Appointment of the undersigned counsel as counsel for the Class;

D.	A declaration that YEP Energy's actions complained of herein violate the TCPA;

E.	An order enjoining YEP Energy from making sales calls using an artificial or prerecorded voice in the future.

F.	An award to Plaintiff and the Class of damages, as allowed by law;

G.	Leave to amend this Complaint to conform to the evidence presented at trial; and

H.	Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

> PLAINTIFF,
> By his attorneys

Dated: July 24, 2018        By:   /s/ *Clayton S. Morrow*
> Clayton S. Morrow
> Email: csm@consumerlaw365.com
> Morrow & Artim, PC
> 304 Ross Street, 7th Floor
> Pittsburgh, PA 15219
> Telephone: (412) 281-1250
>
> Anthony Paronich
> Email: anthony@broderick-law.com
> BRODERICK & PARONICH, P.C.
> 99 High St., Suite 304
> Boston, Massachusetts 02110
> Telephone: (508) 221-1510
> *Subject to Pro Hac Vice*
>
> Matthew P. McCue
> The Law Office of Matthew P. McCue
> 1 South Avenue, Suite 3

        Natick, Massachusetts 01760
        (508) 655-1415
        mmccue@massattorneys.net
        *Subject to Pro Hac Vice*

        Brian K. Murphy
        MURRAY MURPHY MOUL BASIL LLP
        1114 Dublin Road
        Columbus, OH 43215
        Telephone: (614) 488-0400
        Facsimile: (614) 488-0401
        murphy@mmmb.com
        *Subject to Pro Hac Vice*