**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDREW PERRONG on behalf of<br>himself and others similarly situated, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO.    2:18-cv-03213-JHS |
| v. | ) | |
| | ) | |
| TEXPO POWER, LP d/b/a YEP ENERGY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>**DEFENDANT'S ORIGINAL ANSWER**</u>

Defendant Texpo Power, LP d/b/a YEP Energy files this Original Answer to Plaintiff Andrew Perrong's Class Action Complaint and would show the Court as follows:

**ADMISSIONS AND DENIALS[1]**

**Preliminary Statement**

1.     Defendant admits that Plaintiff brings his action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). The remainder of the allegations in Paragraph 1 attempt to describe and summarize the TCPA and state legal conclusions to which no response is required.

2.     Defendant denies that it does business as YEP Energy in the Commonwealth of Pennsylvania, and denies that it or YEP Energy initiated a pre-recorded telemarketing call to a residential telephone number of Plaintiff.

3.     Defendant admits that Plaintiff brings this action on behalf of himself and a proposed nationwide class, but lacks knowledge or information sufficient to form a belief about

---

[1] All headings and subheadings from this point forward reflect Plaintiff's headings and subheadings in his Class Action Complaint. They are employed by Defendant for the Court's and the Parties' ease of reference and do not constitute admissions by Defendant.

the truth of the remaining allegations in Paragraph 3 of the Complaint. Defendant denies that a nationwide or any other class is appropriate in this action.

4. Defendant denies that a class action is the best means to litigate this case, and Defendant denies that it engaged in wide scale illegal telemarketing and otherwise denies the allegations in Paragraph 4 of the Complaint. The remainder of the allegations in Paragraph 4 attempt to describe and summarize the TCPA and Rule 23 of the Federal Rules of Civil Procedure and state legal conclusions to which no response is required.

**Parties**

5. On information and belief, Defendant admits that Plaintiff is a resident of this District.

6. Defendant admits that it is a Texas limited partnership with its principal place of business in Houston, Texas. Defendant admits that it does business as YEP Energy in Texas, but denies that it does business as YEP Energy or otherwise in Pennsylvania, and otherwise denies the allegations as to it in Paragraph 6 of the Complaint.

**Jurisdiction & Venue**

7. Paragraph 7 of the Complaint states a legal conclusion to which no response is required.

8. Defendant denies that it is a resident of this District. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint.

**The Telephone Consumer Protection Act**

9. To the extent the allegations in Paragraph 9 of the Complaint attempt to describe and summarize the TCPA, Defendant respectfully refers the Court to the TCPA for its contents.

To the extent Paragraph 9 states legal conclusions, no response is required. Defendant otherwise denies the allegations in Paragraph 9 of the Complaint.

The TCPA Restricts Pre-Recorded Telemarketing

10.     To the extent the allegations in Paragraph 10 of the Complaint attempt to describe and summarize the TCPA, Defendant respectfully refers the Court to the TCPA for its contents. To the extent Paragraph 10 states legal conclusions, no response is required. Defendant otherwise denies the allegations in Paragraph 10 of the Complaint.

11.     To the extent the allegations in Paragraph 11 of the Complaint attempt to describe and summarize the TCPA, Defendant respectfully refers the Court to the TCPA for its contents. To the extent Paragraph 11 states legal conclusions, no response is required. Defendant otherwise denies the allegations in Paragraph 11 of the Complaint.

12.     To the extent the allegations in Paragraph 12 of the Complaint attempt to describe and summarize the TCPA or FCC orders thereunder, Defendant respectfully refers the Court to the TCPA for its contents. To the extent Paragraph 12 states legal conclusions, no response is required. Defendant otherwise denies the allegations in Paragraph 12 of the Complaint.

**Factual Allegations**

13.     YEP Energy is not a legal entity. It is a d/b/a for several different legal entities. Because YEP Energy is not the actual license holder in any of the referenced jurisdictions, Defendant denies the allegations in Paragraph 13 of the Complaint.

14.     Defendant admits that YEP Energy has used telemarketing on a limited basis to attempt to generate new customers and otherwise denies the allegations in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations in Paragraph 18 of the Complaint.

Call to Mr. Perrong

19.     The allegations in Paragraph 19 of the Complaint state a legal conclusion to which no response is required.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21.     Defendant denies that on July 13, 2018, Plaintiff received a pre-recorded message from YEP Energy.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint.

23.     YEP Energy denies that YEP Energy called Plaintiff and therefore denies the allegations in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations in Paragraph 24 of the Complaint.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

26.     Defendant denies that YEP Energy called Plaintiff, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint.

27.     Defendant denies that YEP Energy called Plaintiff, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint.

28.     Defendant denies that YEP Energy called Plaintiff, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint.

29.     Defendant denies that YEP Energy called Plaintiff, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint..

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint.

35.     Defendant denies that YEP Energy called Plaintiff, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations in Paragraph 36 of the Complaint.

37.     Defendant admits the allegations in Paragraph 37 of the Complaint.

38.     The allegations in Paragraph 38 of the Complaint state legal conclusions to which no response is required, and Defendant otherwise denies the allegations in Paragraph 38.

39.     The allegations in Paragraph 39 of the Complaint state legal conclusions to which no response is required, and Defendant otherwise denies the allegations in Paragraph 39.

**Class Action Statement Pursuant to LCvR 23**

40.     Defendant admits that Plaintiff purports to bring this action on behalf of a proposed nationwide class. The remainder of the allegations in Paragraph 40 of the Complaint state legal conclusions to which no response is required.

41.     The allegations in Paragraph 41 of the Complaint attempt to define Plaintiff's purported nationwide class, a statement to which no response is required. Defendant denies that Plaintiff's proposed class, or any other class, is appropriate.

42.     The allegations in Paragraph 42 of the Complaint further attempt to define Plaintiff's purported nationwide class, a statement to which no response is required. Defendant denies that Plaintiff's proposed class, or any other class, is appropriate.

43.     The allegations in Paragraph 43 of the Complaint further attempt to define Plaintiff's purported nationwide class, a statement to which no response is required. Defendant denies that Plaintiff's proposed class, or any other class, is appropriate. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43.

44.     The allegations in Paragraph 44 of the Complaint further attempt to define Plaintiff's purported class and state legal conclusions to which no response is required. Defendant denies that Plaintiff's proposed class, or any other class, is appropriate. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44.

45.     The allegations in Paragraph 45 of the Complaint further attempt to define Plaintiff's purported class and state a legal conclusion to which no response is required. Defendant denies that Plaintiff's proposed class, or any other class, is appropriate.

46.     The allegations in Paragraph 46 of the Complaint state legal conclusions to which no response is required, and Defendant otherwise denies the allegations in Paragraph 46.

47.     The allegations in Paragraph 47 of the Complaint state legal conclusions to which no response is required, and Defendant otherwise denies the allegations in Paragraph 47.

48.     The allegations in Paragraph 48 of the Complaint state legal conclusions to which no response is required, and Defendant otherwise denies the allegations in Paragraph 48.

49.     The allegations in Paragraph 49 of the Complaint state legal conclusions to which no response is required, and Defendant otherwise denies the allegations in Paragraph 49.

50.     The allegations in Paragraph 50 of the Complaint state legal conclusions to which no response is required, and Defendant otherwise denies the allegations in Paragraph 50.

51.     The allegations in Paragraph 51 of the Complaint state legal conclusions to which no response is required, and Defendant otherwise denies the allegations in Paragraph 51.

52.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint.

### Legal Claims

### Count One:
### Violation of the TCPA's Automated Calling Provisions

Defendant repeats and realleges its responses to Paragraphs 1-52 of the Complaint as though fully set forth herein.

53.     Defendant denies that YEP Energy violated the TCPA, and otherwise denies the allegations in Paragraph 53 of the Complaint.

54.    Defendant denies that YEP Energy violated the TCPA, and otherwise denies the allegations in Paragraph 54 of the Complaint.

55.    The allegations in Paragraph 55 of the Complaint state legal conclusions to which no response is required, and Defendant otherwise denies the allegations in Paragraph 55.

56.    Defendant denies that Plaintiff is entitled to any injunctive relief and otherwise denies the allegations in Paragraph 56 of the Complaint.

**Relief Sought**

Defendant denies that Plaintiff is entitled to the relief he seeks.

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof on any matter for which the burden rests on Plaintiff, Defendant asserts the following defenses:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to assert the TCPA claim because, among other reasons, Plaintiff brings TCPA actions as a business, has not suffered an injury-in-fact, and does not fall within the zone of interests intended by Congress to be protected by the TCPA.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has suffered no damages.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the express terms of the TCPA.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant has not acted with the requisite state of knowledge and/or intent that could give rise to liability, including treble damages, under the TCPA.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent plaintiff suffered any injury, that injury was caused by a third party, not acting at the behest of Defendant or within authority granted to the third party.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate damages, if any, and instead invites, and affirmatively acts to procure, alleged violations of the TCPA.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims cannot properly be certified as a class under Federal Rule of Civil Procedure 23 because, among other reasons, questions of fact relating to each individual putative class member predominate over the questions relating to the class, including, without limitation, whether each individual was contacted as Plaintiff alleges by Defendant, whether each individual or an agent of that individual provided consent, and whether each individual was the owner or regular user of each number called at the relevant time.

**NINTH AFFIRMATIVE DEFENSE**

The TCPA, as applied in this case, would violate the due process clause of the Fifth Amendment to the U.S. Constitution.

## PRAYER

WHEREFORE, Defendant prays that Plaintiff take nothing against Defendant, that judgment be entered in favor of Defendant and against Plaintiff, and for such other and further relief as Defendant shows itself to be entitled.

DEFENDANT,
By its attorneys

Dated: September 12, 2018     By:  */s/ Andrea L. D'Ambra*
Andrea L. D'Ambra
Email: andrea.dambra@nortonrosefulbright.com
Judith A. Archer *Subject to Pro Hac Vice*
Email: judith.archer@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019-6022
Telephone:  (212) 318-3000
Facsimile:  (212) 408-5100

## CERTIFICATE OF SERVICE

I certify that on September 12, 2018, this Answer was filed using the Court's electronic filing system, where the Answer is available for viewing and downloading. Based on the Court's records, the Answer was served on all counsel of record via ECF.

 */s/ Andrea L. D'Ambra*
Andrea L. D'Ambra