IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG on behalf of himself and other similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>TEXPO POWER, LP d/b/a YEP ENERGY,<br><br>        Defendant. | CIVIL ACTION NO.: 2:18-cv-03213-JHS |

**DEFENDANT TEXPO POWER LP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Texpo Power, LP ("Texpo"), through counsel and pursuant to Federal Rule of Civil Procedure 12(c), hereby submits this Memorandum of Law in support of its Motion for Judgment on the Pleadings in response to the Complaint filed by Plaintiff, Andrew Perrong ("Perrong").

## I. INTRODUCTION

Claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, are now the second most filed lawsuits in the country.[1] The statute, designed to minimize unsolicited telemarketing calls, has been weaponized by individuals willing to manufacture claims in hopes of receiving a windfall under the statute. Courts and Congress have understandably grown tired of these tactics, and have refused to allow such claims to advance. *See, e.g.*, *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782, 805 (W.D. Pa. 2016) (holding professional plaintiff lacks standing to bring TCPA claims); *Johansen v. Modernize, Inc.*, No. 16-839, 2017 U.S. Dist. LEXIS 37979, at *4–5 (S.D. Ohio Mar. 15, 2017) (holding that degree

---

[1] *See generally* webrecon.com.

1

to which "professional plaintiff" carries on to "invite engagements" with telemarketers vitiates standing for TCPA claims); https://judiciary.house.gov/press-release/goodlatte-statement-hearing-lawsuit-abuse-telephone-consumer-protection-act/ (June 2017 comments from House Judiciary Committee Chairman Bob Goodlatte that the TCPA "is being exploited by attorney's seeking big payouts" resulting in "a 1,372% increase in case filings" against "U.S. businesses that are not actually violating the law.").

Even Commissioner Ajit Pai of the Federal Communication Commission, which is empowered to regulate the TCPA, acknowledged that "[t]he TCPA has become the poster child for lawsuit abuse." 30 F.C.C. Rcd. 7961 (2015) (Pai dissent).

This case is an example of such abuse.

Plaintiff Andrew Perrong is running a business.[2] Since January 2015, Perrong has filed over forty five (45) TCPA lawsuits.[3] Most of these suits have settled quickly. Every

---

[2] Throughout this Motion, Defendant will rely on the Complaint and matters of public record, as well as authentic documents upon which Perrong's claims are based, all of which are properly considered on a motion for judgment on the pleadings. *Specter Gadon & Rosen, P.C. v. Fishman*, 2015 U.S. Dist. LEXIS 42248, at *17 (E.D. Pa. Mar. 31, 2015) (noting that "the Court may consider other documents not attached to the pleadings, where "plaintiff has actual notice [of such documents] and has relied upon these documents in framing the complaint"") (alteration in original); *Meleika v. City of Jersey City*, 2018 U.S. Dist. LEXIS 162094, at *9-10 (holding that two exhibits submitted by defendants would "be properly considered on a motion . . . for judgment on the pleadings"); *Foglia v. Renal Ventures Mgmt., LLC*, 2015 U.S. Dist. LEXIS 29487, at *5 (D.N.J. Mar. 11, 2015) (observing that a document on which a plaintiff bases its claims may properly be considered in context of motion for judgment on the pleadings). The court may also consider evidence beyond the pleadings when deciding whether a plaintiff has standing. *See Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Raynor v. Verizon Wireless, VAW, LLC*, No. 15-5914, 2016 U.S. Dist. LEXIS 54678, at *2 n.1 (D.N.J. Apr. 25, 2016) (citing *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007)).

[3] *See Perrong v. Secure Auto. Solutions, Inc.*, No. 1:18-cv-02864 (E.D. Pa filed July 9, 2018); *Perrong v. Cardo Windows Inc.*, No. 1:18-cv-11309 (D.N.J. filed July 3, 2018); *Perrong v. Advanced Brokerage Concepts LLC*, No. No. 2:18-cv-02624 (E.D. Pa. filed June 21, 2018); *Perrong v. McAveney*, No. 2:18-cv-02524 (E.D. Pa. filed June 15, 2018); *Perrong v. Capital Comeback LLC*, No. 3:18-cv-10017 (D.N.J. filed June 1, 2018); *Perrong v. Voisel LLC*, No. 2:18-cv-02227 (E.D. Pa. filed May 29, 2018); *Perrong v. Am. Renovation Ctr. Inc.*, No. 2:18-cv-

complaint alleges that the defendant placed unauthorized calls to a number Perrong allegedly owns (or recently acquired), and many complaints list a different phone number.[4]

---

02069 (E.D. Pa. filed May 17, 2018); *Perrong v. Liberty Power Corp.*, No. 1:18-cv-712 (D. Del. filed May 11, 2018); *Perrong v. Washington Inv. Grp. LLC*, No. 2:18-cv-01934 (E.D. Pa. filed May 8, 2018); *Perrong v. Macy's Inc.*, No. 2:18-cv-01382 (E.D. Pa. filed Apr. 2, 2018); *Charvat v. Santanna Nat. Gas Corp.*, No. 1:18-cv-2310 (N.D. Il. filed Mar. 30, 2018); *Perrong v. Direct Client Servs.*, No. 2018-02847 (Pa. Ct. Com. Pl., Montgomery Cnty. filed Feb. 2, 2018); *Perrong v. Choice Energy LLC*, No. 2017-28953 (Pa. Ct. Com. Pl., Montgomery Cnty. filed Dec. 18, 2017); *Perrong v. DNG Complete Home Improvement Corp.*, No. 2017-28894 (Pa. Ct. Com. Pl.,Montgomery Cnty. filed Dec. 15, 2017); *Perrong v. Attorneys Tax Relief LLC*, No. 2017-28483 (Pa. Ct. Com. Pl., Montgomery Cnty. filed Dec. 8, 2017); *Perrong v. Penn Foster Edu. Grp. Inc.*, No. 2017-28362 (Pa. Ct. Com. Pl., Montgomery Cnty. filed Dec. 8, 2017); *Perrong v. Smith*, No. 2017-28359 (Pa. Ct. Com. Pl., Montgomery Cnty. filed Dec. 8, 2017); *Perrong v. HBW Leads LLC*, No. 2:17-cv-05442 (E.D. Pa. filed Dec. 4, 2017); *Perrong v. Consumer Advocacy Ctr. Inc.*, No. 2017-27877 (Pa. Ct. Com. Pl., Montgomery Cnty. filed Nov. 29, 2017); *Perrong v. H&R Chimney Corp.*, No. 2017-27206 (Pa. Ct. Com. Pl., Montgomery Cnty. Filed Nov. 17, 2017); *Perrong v. William Novick Agency LLC*, No. 2:17-04172 (E.D. Pa. filed Sept. 19, 2017); *Perrong v. TranzVia LLC*, No. 2:17-cv-03664 (E.D. Pa. filed Aug 14, 2017); *Perrong v. Sussman Inc.*, No. 2:17-cv-03511 (E.D. Pa. filed Aug. 7, 2017); *Perrong v. Perlow*, No. CV-224-2017 (Pa. Magis. Dist. Ct. 38-2-08 filed Aug. 3, 2017); *Perrong v. Lednor Corp.*, No. 2:17-cv-03452 (E.D. Pa. filed Aug. 2, 2017); *Perrong v. Ripple*, No. CV-221-2017 (Pa. Magis. Dist. Ct. 38-2-08 filed Aug. 2, 2017); *Perrong v. Smith*, No. 2:17-cv-03366 (E.D. Pa. filed July 27, 2017); *Perrong v. Just Energy*, No. CV-195-2017 (Pa. Magis. Dist. Ct. 38-2-08 filed July 7, 2017); *Perrong v. Greenlight Energy Inc.*, No. CV-194-2017 (Pa. Magis. Dist. Ct. 38-2-08 filed July 7, 2017); *Perrong v. Verizon Commc'ns. Inc.*, No. CV-181-2017 (Pa. Magis. Dist. Ct. 38-2-08 filed June 21, 2017); *Perrong v. Ins. Resource Grp.*, No. CV-176-2017 (Pa. Magis. Dist. Ct. 38-2-08 filed June 21, 2017*); Perrong v. Hamilton*, No. CV-164-2017 (Pa. Magis. Dist. Ct. 38-2-08 filed June 8, 2017); *Perrong v. MJB Mktg. Inc.*, No. CV-159-2017 (Pa. Magis. Dist. Ct. 38-2-08 filed May 31, 2017); *Perrong v. Arevalo*, No. CV-146-2017 (Pa. Magis. Dist. Ct. 38-2-08 filed May 18, 2017); *Perrong v. Elite Chimney Sols. Inc.*, No. 2:17-cv-01512 (E.D. Pa. filed Apr. 3, 2017); *Perrong v. FIG Capital LLC*, No. CV-167-2016 (Pa. Magis. Dist. Ct. 38-2-08 filed July 22, 2016); *Perrong v. Trademark Publ. Inc.*, No. CV-140-2016 (Pa. Magis. Dist. Ct. 38-2-08 filed June 16, 2016); *Perrong v. Merchant Funding Sols. LLC*, No. CV-125-2016 (Pa. Magis. Dist. Ct. 38-2-08 filed June 7, 2016); *Perrong v. Student Debt Doctor LLC*, No. CV-109-2016 (Pa. Magis. Dist. Ct. 38-2-08 filed May 18, 2016); *Perrong v. Aspen Home Improvements Inc.*, No. 5:15-cv-04023 (E.D. Pa. filed July 21, 2015); *Perrong v. The Student Loan Grp.*, No. 2:15-cv-02634 (E.D. Pa. filed May 11, 2015); *Perrong v. 800 Repairs Corp.*, No. CV-128-2015 (Pa. Magis. Dist. Ct. 38-2-08 filed May. 14, 2015); *Perrong v. Risen Capital LLC*, No. 2:15-cv-01807 (E.D. Pa. filed Apr. 7, 2015); *Perrong v. Maximum Security Alarm Inc.*, No. CV-8-2015 (Pa. Magis. Dist. Ct. 38-2-08 filed Jan. 14, 2015); *Perrong v. Frontier Utils. Ne. LLC*, No. CV-7-2015 (Pa. Magis. Dist. Ct. 38-2-08 filed Jan. 14, 2015).

[4]   Perrong has alleged he has received calls that violate the TCPA with respect to at least eight different phone numbers. It is impossible to discern any reason for a single person to

These complaints demonstrate that Perrong has no injury-in-fact and is not within the class of persons the TCPA is designed to protect. They tell a story of a young man who purchases recently rejected phone numbers, ports them to a computer system, engages in conduct designed to invite calls and then files individual or class action lawsuits when those calls occur. Perrong's conduct (and its impact on the Court and parties) is so concerning that Judge Pratter recently stayed class and merits discovery and ordered initial discovery into whether Perrong has standing under the TCPA. *See Perrong v. Macy's Inc.*, No. 18-01382 (D.I. 25) (Tr. of Oral Arg. July 27, 2018).

This case is even more egregious and, as a result, this Court, respectfully, should either dismiss for lack of standing outright or likewise order limited discovery into Perrong's standing. This putative class action is based on Perrong's purported receipt of a single alleged telephone call. Based on only one alleged call on July 13, 2018, <u>and no other facts</u>, Perrong seeks to leverage the threat of a nationwide class action. But Perrong lacks standing and his claim should be rejected accordingly. Moreover, his class claims should be dismissed because he has pled an improper fail-safe class and individualized issues render class treatment improper.

Simply stated, Texpo should not be forced to endure months of extensive, burdensome class discovery defending improper claims advanced by a vexatious litigant outside of the intended scope of the TCPA's protection. Accordingly, Texpo respectfully requests that this Court grant its motion for judgment on the pleadings.

---

require eight different personal phone numbers, unless, of course, he is seeking out such calls. *See, e.g., Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782, 796–806 (W.D. Pa. 2016) (holding plaintiff who purchased many cell phones to run a "business" of filing TCPA lawsuits lacks constitutional and prudential standing because she suffers no injury-in-fact and lies outside the zone of interests of the TCPA).

4

## II. STATEMENT OF FACTS

Perrong alleges that on July 13, 2018, Texpo placed a call to 215-947-XXXX with a prerecorded or artificial voice without his prior express consent. Compl. ¶¶ 19–39. Based on this single alleged phone call, and his claim that he owns the residential telephone number that was called, Perrong seeks to represent a class of all persons within the United States to whom:

> (a) Defendant and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to their residential telephone number; (c) using an artificial or prerecorded voice; (d) attempting to sell Defendant's goods or services; and (e) at any time in the period that begins four years before the date of filing this Complaint to trial.

Compl. ¶ 41.

As discussed above, Perrong has brought at least forty-five (45) other TCPA lawsuits, some of which were likewise initially brought as class actions. The allegations in these lawsuits – Perrong's own words – evidence that Perrong engages in conduct designed to manufacture TCPA claims. For example, in *Perrong v. American Renovations*, No. 2:18-cv-02069 (E.D. Pa. filed May 17, 2018), a settled TCPA suit that was before Judge Beetlestone, Perrong explains in his Complaint that he made an appointment with the defendant to have them come to his home for an estimate on home repairs. When they arrived, he took their business card so he had the right entity to sue, told them to leave and filed a lawsuit the very next day. His lawsuit included calls made by the company trying to follow up on the appointment he made.

In *Perrong v. Secure Auto. Solutions, Inc.*, No. 1:18-cv-02864 (E.D. Pa filed July 9, 2018), a matter before Judge Darnell Jones, Perrong brazenly details how he tricked the business into calling him so he could file his TCPA suit. He explains he gave them his credit

5

card information, but stopped payment ensuring that they would call him back. He filed suit the same day.

### III.    LEGAL STANDARD

#### A.    Motion for Judgment on the Pleadings under 12(c)

A party may move for judgment on the pleadings after the pleadings are closed so long as the timing of the motion does not delay trial. *Garza v. Citigroup Inc.*, 724 F. App'x 95, 98 (3d Cir. 2018). A motion for judgment on the pleadings is considered "a procedural hybrid of a motion to dismiss and a motion for summary judgment." *Fishman*, 2015 U.S. Dist. LEXIS 42248, at *16. Judgment on the pleadings is appropriate where the moving party is able to demonstrate that there are no material issues of fact and that party is entitled to judgment as a matter of law. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005).

The United States Constitution sets forth that the jurisdiction of the federal courts will only extend to "Cases" and "Controversies." *Lance v. Coffman*, 549 U.S. 437, 439 (2007). Accordingly, federal jurisdiction will only be accorded to a litigant when "the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 360 (3d Cir. 2014). To establish standing, the plaintiff must show: 1) an "injury-in-fact" which is concrete and particularized, as well as actual or imminent; 2) that the conduct complained of is "fairly traceable" to the defendant; and 3) that the injury is "likely redressed" by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Further, "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). The burden of proof is on the plaintiff to show all elements of standing and "'each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." *FOCUS v. Allegheny*

6

*County Court of Common Pleas*, 75 F.3d 834, 838 (3d Cir. 1996) (quoting *Lujan*, 504 U.S. at 561).

## IV.   ARGUMENT

Perrong's conduct in manufacturing TCPA lawsuits deprives him of standing to bring such cases, as he has no injury and falls outside the zone of interests of the TCPA. For this reason, his Complaint fails and Texpo's motion for judgment on the pleadings should be granted. Moreover, the class claims should not survive this Rule 12(c) motion because Perrong's class is fail-safe and not ascertainable under Rule 23, Perrong cannot avoid the well-recognized individualized issues of consent, and Perrong's Complaint is devoid of any facts to support his class-wide allegation, and therefore, does not plausibly state class-wide allegations.

### A.   **Perrong lacks standing to bring this TCPA case.**

"In essence the question of standing is whether the litigant is entitled to have the court decide the merits or the dispute or particular issues." *Allen v. Wright*, 468 U.S. 737 (1984). Perrong's litigation history exemplifies how he lays traps to receive calls in hopes of creating TCPA claims. His conduct means he cannot satisfy Article III's injury-in-fact requirement and the dispute he alleges falls outside the zone of interests of the TCPA. His Complaint should therefore be dismissed.

The Third Circuit addressed this issue in *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316 (3d Cir. 2015). Relying on the Supreme Court decision in *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014), the Third Circuit held that statutory causes of action extend only to plaintiffs whose interests fall within the zone of interests protected by the law invoked. *Leyse*, 804 F.3d at 324. The Court then explained that Congress's primary concern in exacting the TCPA was to protect a party from "unwanted" calls. *Id.* at 325. It is that

person who suffers the purported nuisance or invasion of privacy. That person has a privacy interest in avoiding unwanted calls.

The key word is "unwanted." At least two courts in the Third Circuit have found that claims similar to those brought by Perrong do not fall within the zone of interest. *See, e.g., Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782, 796–806 (W.D. Pa. 2016) (no standing for repeat TCPA litigant); *see also Zemel v. CSC Holdings LLC*, No. 16-4064-BRM-DEA, 2017 U.S. Dist. LEXIS 63398, at *10–15 (D.N.J. Apr. 16, 2017) (no standing because plaintiff's conclusory allegations of harm were insufficient as a matter of law to constitute injury-in-fact and that Congress did not intend to prevent the "harm" he alleged).

*Stoops* and *Zemel* reflect the reality recognized by Congress and the FCC that the TCPA is being abused. And the cases are not outliers—other district courts across the country have held similarly. *See, e.g., Johansen v. Modernize, Inc.*, No. 16-839, 2017 U.S. Dist. LEXIS 37979, at *4–5 (S.D. Ohio Mar. 15, 2017) (holding that degree to which "professional plaintiff" carries on to "invite engagements" with telemarketers vitiates standing for TCPA claims); *Jones v. Revenue Assistance Corp.*, No. 14-10218, 2016 U.S. Dist. LEXIS 136993, at *16–17 (D. Mass. Aug. 31, 2016) (casting doubt on whether plaintiff, who filed TCPA suits as his source of income, suffered an injury-in-fact on the basis of invasion of his privacy).

In *Stoops*, plaintiff purchased several cell phones with reassigned phone numbers for the sole purpose of claiming that each subsequent call violated the TCPA. 197 F. Supp. 3d at 788. She filed at least eleven TCPA lawsuits in the Western District of Pennsylvania, as well as other suits outside the jurisdiction. *Id.* Defendants argued that, by virtue of her litigation history and experience of manufacturing TCPA suits, plaintiff lacked constitutional standing because she had no injury-in-fact. *Id.* at 795–96.

The court agreed that plaintiff had no Article III standing. *Id.* at 806. Specifically, it found her privacy rights were not violated when she received the calls and she suffered no economic injury based on the calls. *Id.* at 796–806. The court determined that the calls were not a nuisance, not an invasion of privacy, and not unwanted because plaintiff sought the calls in order to file lawsuits. *Id.* at 800. The court further determined the plaintiff could not "manufacture standing" by choosing to spend her money with hopes of being called in violation of the TCPA. *Id.* at 801–02 (citing *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1143 (2013) (A plaintiff "cannot manufacture standing by choosing to make expenditures based on hypothetical future harm that is not certainly impending.").

The *Stoops* court further held that plaintiff lacked prudential standing. 197 F. Supp. 3d at 804–05. Specifically, Plaintiff's interests of maintaining "phones with the hope of receiving calls from creditors for the sole purpose of collecting statutory damages," fell outside the zone of interests the statute sought to protect. *Id.* at 805. The court concluded: "it is unfathomable that Congress considered a consumer who files TCPA actions as a business when it enacted the TCPA." *Id.*; *see also Cellco P'ship v. Wilcreast Health Care Mgmt.*, No. 09-3534 (MLC), 2012 U.S. Dist. LEXIS 64407, at *25 (D.N.J. May 8, 2012) ("The TCPA, as noted above, anticipates damages on an individual basis because the contemplated plaintiff is an individual natural persons or business <u>with a limited number of phone lines</u>.") (emphasis added).

The facts in *Stoops* are strikingly similar to those before this Court. Based on the allegations made in his multiple TCPA lawsuits, Perrong – a junior in college in Washington DC – claims to own at least eight Pennsylvania phone numbers. Each number appears to be reassigned as Perrong claims in each lawsuit that the defendants were trying to reach someone else. Perrong has filed over forty-five TCPA lawsuits with these or similar allegations. It

9

appears he, likes Stoops, is obtaining reassigned phone numbers, seeking calls, and then suing for TCPA violations. Thus, just like Stoops, Perrong lacks standing.

The alleged calls Perrong received are hardly "unwanted" or intrusive—his litigation history makes plain that he seeks them out and gladly receives them as the basis of his next lawsuit. There is no other way to view Perrong's excessive number of phone lines and corresponding litigation history as anything other than the setting of traps for corporations making lawful calls. The purpose of such conduct is to make Perrong money through TCPA claims. It is Constitutionally impermissible to create standing in such a manner. *Clapper*, 133 S. Ct. at 1143. Similarly, prudential standing is lacking, because Perrong's motivation is his own economic self-interest, and therefore, he falls outside the zone of interests Congress sought to protect through passage of the TCPA.

"A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Spokeo*, 136 S. Ct. at 1548. Here, Perrong has no concrete injury—the single call that he alleges harmed him is, in fact, the point of his apparent business. As Perrong lacks an injury-in-fact and alleges "harm" that is outside the zone of interest Congress intended, he has no Article III or prudential standing. As such, the motion for judgment on the pleadings should be granted and the Complaint should be dismissed in its entirety.[5]

**B.     The class allegations should be dismissed because Perrong proposes a fail-safe class.**

If the Court finds that Perrong has standing (or appears to have standing at this point) to bring claims under the TCPA, he cannot pursue his claims on a class-wide basis.

---

[5]     Alternatively, as Judge Pratter did in *Perrong v. Macys*, general and class discovery should be stayed and the parties should be compelled to engage in a short period of discovery limited to Plaintiff's standing, including how he obtained the phone number at issue, his method of "receiving calls," the technology he uses to capture phone calls and identify callers, his other litigation, and related issues.

10

Before reaching the factors under Rule 23, the Court must determine an "essential prerequisite" for a class—ascertainability. *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 593 (3d Cir. 2011). The ascertainability inquiry requires demonstration that the proposed class is "defined with reference to objective criteria" and that there is "a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 355 (3d Cir. 2013).

As courts in this district have repeatedly explained, it is "'necessary to arrive at a [class definition] that is precise, objective, and presently ascertainable.'" *In re Linerboard Antitrust Litig.*, 203 F.R.D. 197, 221 (E.D. Pa. 2001) (quoting MANUAL FOR COMPLEX LITIGATION (THIRD) § 30.14 (3d ed. 1995)). "If such ascertainability is not met based on objective criteria, the class definition must fail." *Zarichny v. Complete Payment Recovery Services, Inc.*, 80 F. Supp. 3d 610, 625 (E.D. Pa. 2015).

A fail-safe class fails to satisfy Rule 23's ascertainability requirement because it is defined by the defendant's liability. "A fail-safe class is 'one that is defined so that whether a person qualifies as a member depends on whether the person has a valid claim." *Zarichny*, 80 F. Supp. 3d at 623 (citing *Messner v. Northshore University HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012)). Such a definition "front-loads" the proceedings, "requiring the court reach the merits of the case at the class certification stage, contrary to law and policy." *Luppe v. Cheswick Generating Station*, No. 12-929, 2015 U.S. Dist. LEXIS 9791, at *11–12 (W.D. Pa. Jan. 28, 2015) (granting motion to strike class allegations due to fail-safe class). As one commentator has observed, allowing a fail-safe class to proceed "creates a 'heads I win, tails you lose,' situation, where class members either receive a favorable judgment or are defined out of the class." *Hurt v. Shelby County Bd. of Educ.*, No. 13-230, 2014 U.S. Dist. LEXIS 116941, at *19

11

(quoting Erin L. Geller, *The Fail-Safe Class As an Independent Bar to Class Certification*, 81 FORDHAM L. REV. 2769, 2771 (2013)). "This scenario is patently unfair to the defendant." *Id.*

Here, Perrong proposes an improper fail-safe class. Perrong alleges that the TCPA was violated when: (a) Texpo made a non-emergency call to him; (b) on a phone he owned; (c) consisting of a prerecorded message; (d) solely to sell Texpo's goods and services; (e) and that Texpo did not have his consent. *See, e.g.*, Compl. ¶¶ 19-39. Perrong defines the proposed class to include "All persons within the United States to whom: (a) Defendant and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to their residential telephone number; (c) using an artificial or prerecorded voice; (d) attempting to sell Defendant's goods or services; and (e) at any time in the period that begins four years before the date of filing this Complaint to trial." Compl. ¶ 41.

Perrong's proposed class tracks almost verbatim the elements he claims are necessary to prove liability.[6] Thus, whether a person qualifies as a member of the proposed class depends upon whether the person also has a valid claim under Perrong's theory—the very definition of an improper fail-safe class. Courts in this Circuit routinely refuse to consider such improper fail-safe classes, including in the TCPA context. *See, e.g., Martinez v. TD Bank USA, N.A.*, No. 15-7712, 2017 U.S. Dist. LEXIS 101979, at *33–35 (D.N.J. June 30, 2017) (striking class allegations in TCPA case where class was defined by terms of Defendants' liability to the proposed class); *Luppe v. Cheswick Generating Station*, No. 12-929, 2015 U.S. Dist. LEXIS 9791, at *10–11 (W.D. Pa. Jan. 28, 2015) (finding fail-safe class was unascertainable and striking class allegations); *Zarichny v. Complete Payment Recovery Services, Inc.*, 80 F. Supp. 3d 610, 624 (E.D. Pa. 2015) (granting motion to strike class allegations in TCPA case "because

---

[6] Perrong also defined his class *around* the applicable 4-year statute of limitation. 28 U.S.C. § 1658.

plaintiff's class definitions create impermissible fail-safe classes"); *Jackson v. SEPTA*, 260 F.R.D. 168, 182 (E.D. Pa. 2009) ("Where a proposed class required the court to address 'the central issue of liability' in the case, the class definition may be untenable.").

The same conclusion is reached by other district courts. *See, e.g., Espejo v. Santander Consumer USA, Inc.*, No. 11 C 8987, 2016 U.S. Dist. LEXIS 142259, at *26-27 (N.D. Ill. Oct. 14, 2016) (holding that plaintiff proposed an impermissible fail-safe TCPA class when membership required "a determination of consent – i.e., whether the called party's number was 'volunteered' or 'verified' before [Defendant] used it"); *Taylor v. Universal Auto Group I, Inc.*, No. 3:13-cv-05245KLS, 2014 WL 6654270, at *22 (W.D. Wash. Nov. 24, 2014) (denying motion for class certification in TCPA class action because "inclusion of the 'without prior consent' language in the national class definition makes it a 'failsafe' class, as clearly the issue of consent is central to determining defendant's liability"); *Sauter v. CVS Pharmacy, Inc.*, No. 2:13-cv-846, 2014 WL 1814076, at *4-9 (S.D. Ohio May 7, 2014) (reviewing cases addressing whether proposed TCPA classes defined to include individuals who did not provide prior express consent qualified as fail-safe classes and finding that such classes are impermissible).[7]

In *Zarichny*, the plaintiff alleged that the defendant used an ATDS to place debt collection calls to her cellular telephone without her prior express consent. 80 F. Supp. 3d at 616. Plaintiff sought to bring a TCPA class "on behalf of those people 'who received one or more telephone calls from [d]efendants on the individual's cellular telephone that was initiated

---

[7] *See also Dixon v. Monterey Fin. Servs., Inc.*, No. 15-cv-03298, 2016 U.S. Dist. LEXIS 82601, at *13-14 (N.D. Cal. June 24, 2016); *Conigliaro v. Norwegian Cruise Line*, No. 05-cv-21584, 2006 U.S. Dist. LEXIS 95576, at *13 (S.D. Fla. Aug. 31, 2006) ("Definitions, particularly *under* [Fed. R. Civ. P. 23](b)(3), should avoid criteria . . . that depend on the merits").

13

using an automatic telephone dialing system' without prior content [sic]." *Id.* at 623 (internal citations omitted).

The plaintiff argued the court "should not strike her class allegations because 'the class definition can be revised' through the course of the litigation." *Id.* (internal citations omitted). Plaintiff further argued that "a ruling on class certification is premature when a plaintiff has filed neither a motion for class certification nor conducted any discovery." *Id.* (internal citations omitted). The court disagreed explaining:

> Both classes [Plaintiff] defined are fail-safe classes. The putative TCPA class is comprised of those people who received [defendant's] telephone calls without the recipient's 'prior express consent,' 47 U.S.C. § 227(b)(1)(A)(iii). Since we are at the outset of this litigation, there is no way to provide notice to that putative class without the sort of extensive fact-finding that class actions should avoid. Similarly, at the conclusion of the litigation, should [defendant] prevail against [Plaintiff], any other putative class recipient would be free to litigate the same claim against [defendant]. . . . Therefore, we will strike [Plaintiff's] class allegations from her lawsuit.

*Id.* at 625-26; *see also Martinez*, 2017 U.S. Dist. LEXIS 101979, at *31–35 (striking fail-safe class allegations for same reasons as *Zarichny*).

Like in *Zarichny*, Perrong should be prohibited from pursuing (and leveraging for settlement claims) costly class discovery in a futile attempt to identify members of an improper fail-safe class. Accordingly, Perrong's purported class claims should be dismissed.

C.  **The class allegations should be dismissed because individualized issues render class treatment improper.**

The Complaint also makes clear that class treatment is improper due to numerous individualized issues, including whether any particular consumer gave or subsequently revoked consent. *See, e.g., Balthazor v. Cent. Credit Servs., Inc.*, No. 10-cv-62435, 2012 WL 6725872, at *4 (S.D. Fla. Dec. 27, 2012) ("Resolution of each putative class member's TCPA claim would

14

necessarily involve an individual assessment of whether each class member consented to receive telephone calls on their cellular telephone"); *Hicks v. Client Servs., Inc.*, No. 07-CIV-61822, 2008 WL 5479111, at *8 (S.D. Fla. Dec. 11, 2008) (holding certification on a TCPA claim was improper because the issue of consent would have to be determined on an individual basis at trial); *Pepka v. Kohl's Dep't Stores, Inc.*, No. 16-cv-4293, 2016 U.S. Dist. LEXIS 186402, at *9-10 (C.D. Cal. Dec. 21, 2016) (striking class allegations at the pleading stage because "no matter what that discovery might show, the fact remains plaintiffs' allegations require an individualized inquiry into questions" of consent).

"If class members are impossible to identify without extensive and individualized fact-finding or 'mini-trials,' then a class action is inappropriate." *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 593 (3d Cir. 2011).

"Prior express consent is a complete defense" to a claim under the TCPA. *Reardon v. Uber Techs., Inc.*, 115 F. Supp. 3d 1090, 1107 (N.D. Cal. 2015). Texpo has the right to examine each of the putative class members' claims to determine whether consent was given. *See, e.g., Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 272–73 (3d Cir. 2013) (holding that there is no temporal limitation on consent under TCPA—it can be freely given and freely withdrawn at any time).

Perrong cannot avoid this obvious failure of his class claims by baldly claiming that he "never consented to receive the call," Compl. ¶ 3, because his consent is immaterial to the issue of whether the other purported class members for who Perrong seeks to bring a class action actually consented to receiving the alleged phone calls.

Thus, Perrong's purported class requires that issues of consent be delved into for every single member of the class. Because this is an inherently individualized inquiry, class treatment is inappropriate and the class allegations in the Complaint should be dismissed.

**D.     The class claims should be dismissed because Perrong has not pleaded any facts supporting his class allegations.**

Perrong has also failed to allege a single fact supporting his class allegations. Instead, the entire basis for his class claims is that he allegedly received a single prerecorded call from Texpo and his completely unsubstantiated assertion that other individuals received similar calls despite not providing their consent. This plainly does not satisfy the requirements of Rule 8, particularly in the context of a putative nationwide class action. "[A] complaint must contain sufficient factual matter . . . to 'state a claim [for] relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 570). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.

Further, the Third Circuit has elaborated on Rule 8, stating it requires "a 'showing' rather than a blanket assertion of an entitlement to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). This showing must include actual facts, otherwise the grounds on which the claims rest are unknown. *Id.* (citing *Twombly*, 550 U.S. at 555 n.3) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests.").

This is in accord with other Circuits, which have similarly refused to consider assertions based solely "upon information and belief." *See Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013) (holding that plaintiff had "not alleged enough facts" to move his claim "from conceivable to plausible" because "we do not have to take as true Mann's allegations

'upon information and belief'") (citing *Twombly*, 550 U.S. 544, 551, 557 (2007)); *Smith v. City of Sumiton*, 578 F. App'x 933, 935 n.4 (11th Cir. 2014) (refusing to consider allegation that other individuals were subjected to the same treatment as the plaintiff because "[w]e do not discuss that allegation because, for purposes of a Rule 12(b)(6) motion to dismiss, we do not have to take as true allegations based merely 'upon information and belief'").

At least one district court has dismissed the class claims in a TCPA case for this very reason. *See, e.g.*, *Daisy, Inc. v. Pollo Operations, Inc.*, No. 14-564-FtM-38CM, 2015 U.S. Dist. LEXIS 39265, at *13 (M.D. Fl. Mar. 27, 2015) (dismissing class claims where plaintiff merely recited "the elements of a class action and stat[ed] it **believes** forty (40) other businesses received the same facsimiles it received."). The *Daisy* court found such pleading insufficient because "Plaintiff does not provide the Court with any factual basis other than a speculation based upon the Plaintiff's information and belief that some forty other businesses also received the alleged facsimiles in violation of the TCPA." *Id.* at *14. Thus, the court held that "[t]he Plaintiff has not pled a sufficient factual basis to support a plausible Rule 23 class action claim at this point in the proceedings." *Id.*

Like the plaintiff in *Daisy*, all of Perrong's class allegations rely solely on speculation. Specifically, he alleges that "[b]ecause telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of the Defendant." Compl. ¶ 3.[8] And while he baldly states that others received calls from Texpo, he provides no details of those calls and instead

---

[8] Perrong does not allege with *any* degree of specificity that he has any information pertaining to others receiving calls from Texpo; instead, his allegations amount to nothing more than mere speculation.

17

states in conclusory fashion that the individuals who received these unverified, unidentified phone calls "were harmed by these calls" and that these purported calls bring the alleged individuals within Perrong's class definition.

In the face of no factual support indicating that anyone other than Perrong belongs to the class, he has not and cannot plausibly allege class claims. Those claims should therefore be dismissed and the motion for judgment on the pleadings should be granted.

## V. CONCLUSION

For the foregoing reasons, Texpo respectfully requests this Court grant its motion for judgment on the pleadings.

Respectfully submitted,

DATED: October 23, 2018

*/s/ Daniel JT McKenna*
Daniel JT McKenna, Esq. (Pa. I.D. 93930)
mckennad@ballardspahr.com
Jenny N. Perkins, Esq. (Pa. I.D. 306498)
perkinsj@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
T: 215.665.8500
F: 215.864.8999

*Attorneys for Defendant*