

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREW PERRONG on behalf of himself and others similarly situated,

    Plaintiff,

v.

TEXPO POWER, LP d/b/a YEP ENERGY

    Defendant.

Case No. 2:18-cv-03213-JHS

## ORDER GOVERNING DISCOVERY OF ELECTRONICALLY STORED INFORMATION

The parties having jointly requested the entry of an Order governing Discovery of Electronically Stored Information ("ESI"), and for good cause shown, it is hereby ORDERED as follows:

**A. ESI Production.**

Electronic data produced by either of the parties should be provided in the following format:

1. PDFs. Searchable PDFs with page breaks at document end.

2. Color. The parties will accommodate reasonable requests for production of specific images in color, as PDFs. However, for any document that will lose meaning or will be illegible if produced in black and white, parties agree to produce those documents in color. ESI produced in color will be produced in .pdf format.

3. Unique IDs. Each image should have a unique file name which will be the Bates number of that page (e.g. ABC0000001) or range of the documents produced (e.g. ABC0000001-10).

4. Native Format. The parties have agreed that the following documents will be produced in native format: Excel spreadsheets, Access databases, any records reflecting outbound telemarketing calls, any records reflecting inbound telephone

calls, any records reflecting inbound telemarketing calls, any records reflecting phone number registration and purchase, any records reflecting research into phone numbers, phone calls and potential defendants, and any records reflecting the purchase of computers, phones or any other technology used to monitor and track incoming calls.

The parties reserve their rights to seek additional electronic documents in their native format. Producing documents in native format does not excuse either party from producing extracted text and metadata for that file. Producing documents in native format does not constitute a concession that extracted text or metadata is available or must be produced.

5. Non-Convertible Files: Certain types of files such as system, program, video and sound files may not be amenable to conversion into anything meaningful in PDF format. Responsive, non-convertible files will be produced in the form of a placeholder PDF image. Some examples of file types that may not convert include file types with the following extensions: *.exp, *.ilk, *.res, *.trg, *.tlh, *.idb, *.pdb, *.pch, *.opt, *.lib, *.cab, *.mov, *.mp3, *.swf, *.psp, *.chi, *.chm, *.com, *.dll, *.exe, *.hld, *.ivi, *.ivt, *.ix, *.msi, *.nls, *.obj, *.ocx, *.rmi, *.sys, *.tmp, *.tff, *.vbx, *.wav, *.wpg, *.iso, *.pdb, *.eps, *.mpeg, *.mpg, *.ram, *.rm, *.psd, *.ai, *.aif, *.bin, *.hqx, *.snd, *.mpe, *.wmv, *.wma, and *.xfd.

Other files may not be able to be converted to PDF due to password protection or corruption (for example). If reasonable efforts to obtain useful PDF images of these files are unsuccessful, these non-convertible files will also be accounted for with a PDF placeholder.

6. Search Terms/Date Ranges. In an attempt to minimize e-discovery costs and disputes, the parties agree that search terms may be used to identify documents in the event that production of all correspondence responsive to a request would be unduly burdensome.

7. Parent-Child Relationships. Parent-child relationships (the association between an attachment and its parent document) must be preserved.

8. Search Terms/Date Ranges. In an attempt to minimize e-discovery costs and disputes, the parties agree that search terms may be used to identify documents.

B. **Miscellaneous Production Items.**

1. Production Media. Documents will be produced on CD-ROM or DVD disks, on portable hard drives, or via secure file transfer protocol (SFTP).

C. **Right to Request Additional Information.**

The agreements set forth herein are without prejudice to the right of a requesting party to

request additional information about specific ESI if that party can demonstrate that material, relevant, and responsive information that is not otherwise cumulative of information already produced can only be found through such additional efforts. The parties will negotiate in good faith with regard to whether such additional efforts are reasonably required and, if so, who should bear the cost, with the Court to resolve such disputes in accordance with its standing order and the local rules if agreement cannot be reached.

D. **Inadvertent Production of Documents.**

Inadvertent production of any document produced in response to discovery requests in this action by any party or non-party, that a party or non-party later claims should have been withheld on grounds of a privilege, including the work product doctrine, FRE 408 and/or any other privilege or basis for confidentiality, will not be deemed a waiver in this case or in any other federal or state proceeding. This shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Electronic documents that contain privileged information, attorney work product or privileged material otherwise covered by this paragraph shall be immediately returned if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production.

E. **Modifications To ESI Protocol**

The parties agree that any of the terms and requirements herein can be modified by agreement between the parties reduced to writing.

F. **Retention**

The parties shall separately negotiate an agreement that outlines the steps each party shall take to segregate and preserve the integrity of all relevant electronic documents. The designated retention coordinators shall: (a) take steps to ensure that e-mail of identified custodians shall not be permanently deleted in the ordinary course of business and that electronic documents maintained by the individual custodians shall not be altered; and (b) provide notice as to the criteria used for spam and/or virus filtering of e-mails and attachments; documents filtered out by such systems shall be deemed nonresponsive so long as the criteria underlying the filtering are reasonable.

SO ORDERED, this 24th day of October, 2018.

Joel Slomsky
United States District Court